UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MYLAN CHARLES, III,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner, Social Security Administration,<br><br>　　　　　Defendant. | CIV. 15-5066-JLV<br><br>ORDER |

Plaintiff Mylan Charles, III, filed a complaint against defendant Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration ("SSA" or "Commissioner"). (Docket 1, later amended at 15). Plaintiff filed a motion to reverse the administrative law judge's ("ALJ's") decision finding no basis to extend the deadline for plaintiff to seek review of the SSA's denial of benefits. (Docket 24). Defendant resists the motion. (Docket 25).

**BACKGROUND**

The court draws many of these facts from the parties' joint statement of material facts. (Docket 21). Plaintiff applied for disability insurance benefits on April 5, 2012. Id. ¶ 2. His "date last insured is December 31, 2009." Id.

---

[1]Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Fed. R. Civ. P. 25(d), Ms. Berryhill is automatically substituted for Carolyn W. Colvin as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

¶ 1.  He asserted he suffered from "panic attacks, agoraphobia, high cholesterol, thyroid, arthritis, and depression."  Id. ¶ 6.  His application was denied "at the initial, state agency level, on October 30, 2012."  Id. ¶ 2.  He was not represented by counsel and did not appeal.  Id. ¶¶ 3-4.

Plaintiff filed a new application for disability insurance benefits on May 9, 2013.  Id. ¶ 5.  The SSA denied this application on May 14, 2013, and again upon reconsideration in August 2013.  (AR at p. 25;[2] Docket 25 at pp. 1-2).  Plaintiff obtained legal representation on July 29, 2013.  (Docket 21 ¶ 18).  Plaintiff submitted a written request for a hearing in October 2013.  (AR at p. 25; Docket 25 at p. 2).

On March 13, 2014, the ALJ rejected plaintiff's request for a hearing and dismissed his application.  (Docket 21 ¶ 25).  The ALJ refused to extend the deadline for plaintiff to request review of the October 30, 2012, denial of benefits.  Id.; (AR at pp. 25-26).  The ALJ did not hold a hearing.  (Docket 21 ¶ 26).  The appeals council denied plaintiff's request for review of the ALJ's dismissal.  (AR at pp. 18-19).

## ANALYSIS

"A federal district court's jurisdiction to review the [Commissioner's] decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a 'final decision of the [Commissioner] made after a hearing.'"  Boock v. Shalala, 48 F.3d 348, 351 (8th Cir. 1995) (quoting 42 U.S.C. § 405(g)).  "However, if jurisdiction is not available under 405(g), the

---

[2]This is the citation form the court uses for the administrative record.

district court may also review the [Commissioner's] decision if the plaintiff alleges a colorable claim of unconstitutionality." Id. (citing Califano v. Sanders, 430 U.S. 99, 109 (1997); Gipson v. Harris, 633 F.2d 120, 122 (8th Cir. 1980)). "A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous." Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotation marks omitted). "A mere allegation of a due process violation is not a colorable constitutional claim." Id. (internal citations and quotation marks omitted).

"It is well-settled that the [Commissioner's] refusal to reopen an administratively final decision under 20 CFR § 404.988 is not a 'final decision . . . made after a hearing' subject to judicial review under 405(g)." Boock, 48 F.3d at 351 (quoting 42 U.S.C. § 405(g)) (citing Sanders, 430 U.S. at 107-08; Lewellen v. Sullivan, 949 F.2d 1015, 1016 (8th Cir. 1991)). Furthermore, "[i]t is equally well-settled that the [Commissioner's] determination of no good cause to extend the period for appeal under 20 CFR § 404.909 is similarly not subject to judicial review under § 405(g)." Id. (citing Turner v. Bowen, 862 F.2d 708, 709-10 (8th Cir. 1988); Smith v. Heckler, 761 F.2d 516, 519 (8th Cir. 1985); Sheenan v. Sec'y of Health, Educ. & Welfare, 593 F.2d 323, 325 (8th Cir. 1979)).

Plaintiff seeks reconsideration of the SSA's denial of benefits on October 30, 2012. (Docket 24 at pp. 5-6). Section 404.909(b) provides the process by which a claimant who "want[s] a reconsideration of the initial determination but [did] not request one in time . . . may ask [the SSA] for more time to

3

request reconsideration." 20 CFR § 404.909(b). "If [the claimant] shows [the SSA] that [he] had good cause for missing the deadline, [the SSA] will extend the time period. To determine whether good cause exists, [the SSA] use[s] the standards explained in § 404.911." Id. Section 404.911 outlines the factors the SSA will consider in determining whether a claimant has shown good cause for missing the deadline:

>	(1) What circumstances kept you from making the request on time;
>
>	(2) Whether our action misled you;
>
>	(3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
>
>	(4) *Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.*

20 CFR § 404.911(a) (emphasis added); see also 20 CFR § 416.1411(a) (employing the same language to describe the factors the SSA will consider when determining whether good cause existed for missing the deadline to request a review).

Social Security Ruling 91-5p ("SSR 91-5p") sets out the procedure for an ALJ determining whether a claimant's lack of mental capacity gave rise to good cause for the claimant's failure to timely request a review. "When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, or review by a Federal district court, *and* the claimant had no one legally responsible for prosecuting

4

the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review." SSR 91-5p, 1991 WL 208067, at *2 (emphasis added). To trigger the procedural step of the ALJ analyzing whether there is good cause, SSR 91-5p has two requirements: (1) the claimant must not have had someone legally responsible for pursuing his claim, and (2) the claimant needs to present evidence of mental incapacity. Id. Both aspects are important because "representation by coun[sel] negates the impact of plaintiff's alleged mental incapacity." Garfield v. Astrue, No. C 03-4124, 2008 WL 5221095, at *9 (N.D. Cal. Dec. 12, 2008).

With regard to the claimant's mental capacity, SSR 91-5p outlines the factors an adjudicator must consider when determining whether a claimant's mental capacity gave rise to good cause for the claimant's failure to timely request a review:

(1) [A]n inability to read or write;

(2) [L]ack of facility with the English language;

(3) [L]imited education; [and]

(4) [A]ny mental or physical condition which limits the claimant's ability to do things for him/herself.

Id.

The court finds plaintiff's assertion he failed to timely request reconsideration of his 2012 application due to his lack of mental capacity to understand and respond to the SSA's denial raises a colorable due process

5

question.  See Califano v. Sanders, 430 U.S. 99, 109 (1977); Boock, 48 F.3d at 351, 353; Efinchuk v. Astrue, 480 F.3d 846, 848 (8th Cir. 2007) ("Jurisdiction may exist, however, if the claimant challenges the refusal to reopen the proceeding on constitutional grounds.") (citations omitted); Anderson v. Barnhart, No. Civ. 03-2611, 2004 WL 2066829, at *2 (D. Minn. Sept. 1, 2004) ("Plaintiff's assertion that he lacked the mental capacity to understand and respond to the 1978 and 1980 denials raises a colorable due process question.") (citations omitted); Vogt v. Barnhart, No. 4:01-CV-3225, 2003 WL 403345, at *16 (D. Neb. Feb. 21, 2003).  The court finds it has jurisdiction to adjudicate plaintiff's due process claim.

Plaintiff argues the ALJ violated his right to due process because the ALJ did not follow the SSA's procedure on deciding whether to extend a claimant's deadline for requesting reconsideration.  (Docket 24 at pp. 4-5).  In plaintiff's view, SSR 91-5p requires the ALJ to make findings on his mental capacity before dismissing his claim.  Id.  Defendant contends plaintiff fails to allege a constitutional violation.  (Docket 25 at pp. 4-7).  Defendant asserts plaintiff failed to present sufficient evidence of a condition that prevented him from timely requesting reconsideration.  Id.  According to defendant, any error the ALJ may have committed is harmless.  Id. at pp. 5-6.

"It is axiomatic that due process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied."  Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001) (citing Mathews v. Eldridge, 424 U.S. 319, 333 (1976)).  "[D]ue process

6

does not guarantee a favorable result, only procedures reasonably calculated to afford claimants a meaningful opportunity to be heard . . . ." Boock, 48 F.3d at 353 n.8. In the "reconsideration" context, "due process requires that the ALJ articulate findings with respect to plaintiff's request, pursuant to SSR 91-5p, that [the claimant] be granted an extension of time in which to request reconsideration of his prior applications." Anderson, 2004 WL 2066829, at *5. "[T]he question is not whether sufficient procedures are in place, but whether plaintiff had an opportunity to avail himself of those procedures." Id.

The ALJ dedicates one direct sentence to SSR 91-5p. (AR at p. 25). The applicable section of the ALJ's order states:

> The undersigned has considered whether this decision should remain final and finds no reason why it should not. In this regard, the deadline for requesting review should not be extended under Social Security Ruling 91-5p because he had a representative at the time of the previous decision. Additionally, none of the conditions for reopening set forth in 20 CFR 404.988 is present in this case. Accordingly, the previous decision remains final and binding.

Id.

When the record establishes a claimant's lack of legal representation and contains claimant's presentation of his incapacity, the procedure in SSR 91-5p requires the ALJ to articulate whether good cause exists for failing to timely request review. SSR 91-5p, 1991 WL 208067, at *2; see Carpenter v. Comm'r of Soc. Sec. Admin., Civil Action No. 2:06CV22, 2008 WL 2553088, at *5 (N.D.W. Va. June 25, 2008) ("[I]f the Plaintiff presented prima facie proof that a mental impairment prevented [him] from timely requesting review of the May 1997 decision, the Commissioner *was required to conduct a hearing on [his]*

7

*competency* at the relevant time before invoking the doctrine of administrative finality.") (emphasis in original) (citing SSR 91-5p); see also White v. Astrue, No. C 10-02124, 2011 WL 2976775, at *3 (N.D. Cal. July 22, 2011) ("[I]f the claimant can satisfy both SSR 91-5p requirements—mental incapacity and no legal representation—he may seek reopening even well after the applicable deadlines."). "It offends fundamental fairness[ ] to bind a claimant to an adverse ruling who lacks both the mental competency and the legal assistance necessary to contest the initial determination." Young v. Bowen, 858 F.2d 951, 955 (4th Cir. 1988). This principle "operates with equal force whether the [SSA] relies upon res judicata or some other procedural limitation." Id.

Contrary to the ALJ's statement on plaintiff's legal representation, the record demonstrates—and both parties agree—that plaintiff was not represented when the SSA denied him benefits. (AR at p. 61; Dockets 21 ¶ 4, 24 at p. 1 & 25 at pp. 5-6). Plaintiff requests review of his application for benefits which was submitted on April 5 and denied on October 30, 2012. (Docket 21 ¶ 2-4). The record demonstrates plaintiff did not obtain counsel until July 29, 2013. Id. ¶ 4; (AR at p. 86). The court finds plaintiff did not have legal representation when the SSA denied his application.

The next issue is whether the record contains evidence from the plaintiff on his lack of capacity to understand and respond to the SSA's denial. The record includes many documents from the SSA's denial of benefits which cover plaintiff's mental condition. (AR at pp. 73-83; Docket 21 ¶ 6). His condition includes "panic disorder with agoraphobia[ and] recurrent MDD (major

8

depressive disorder)[.]" (Docket 21 ¶ 9). S. Richard Gunn, Ph.D., found plaintiff's anxiety disorder was severe and his ability to understand, remember and carry out detailed instructions was moderately limited. (AR at pp. 77-80). A disability form plaintiff completed on July 29, 2013, alleges his panic attacks had gotten worse. Id. at pp. 116-17. The court finds the record contains prima facie evidence that plaintiff did not have the capacity to understand and respond to the SSA's denial of benefits. Cf. Ferguson v. Sullivan, 718 F. Supp. 1269, 1272 (W.D.N.C. 1989) (finding "plaintiff established a prima facie case of incompetency" when SSA denied his applications for benefits).

The court finds the ALJ violated plaintiff's right to due process because the ALJ did not follow the procedure SSR 91-5p delineates. The record establishes plaintiff's lack of representation and contains evidence of his incapacity, (AR at p. 61, 73-83), so SSR 91-5p mandates that the ALJ analyze whether there is good cause for failing to timely request review. SSR 91-5p, 1991 WL 208067, at *2. The ALJ refused to make a good cause determination. (AR at p. 25). That refusal deprived plaintiff of his "opportunity to avail himself of [the] procedures" set forth in SSR 91-5p, Anderson, 2004 WL 2066829, at *5, which represent the "procedures reasonably calculated to afford [plaintiff] a meaningful opportunity to be heard . . . ." Boock, 48 F.3d at 353 n.8. This constitutional violation was not a harmless error because it had a direct effect on the ALJ's outcome. See Hepp v. Astrue, 511 F.3d 798, 807 (8th

Cir. 2008) (finding an error that has no bearing on a case's outcome does not require reversal).

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion to reverse the decision of the Commissioner (Docket 24) is granted.

IT IS FURTHER ORDERED that the Commissioner must complete the procedure set forth in SSR 91-5p.

IT IS FURTHER ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for resolution consistent with the court's analysis.

Dated September 25, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE